UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE SKINNER,<br><br>    Petitioner,<br><br>  v.<br><br>KEN CLARK, Warden,<br><br>    Respondent. | Case No. 20-cv-00790-YGR (PR)<br><br>**ORDER OF DISMISSAL; AND DENYING CERTIFICATE OF APPEALABILITY** |

## I.  INTRODUCTION

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has paid the full filing fee.

## II.  LEGAL STANDARD

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

Rule 4 of the Rules Governing Section 2254 Cases provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

## III.  DISCUSSION

In 2006, Petitioner was convicted, by plea, of two counts of attempted murder, possession of a firearm by a convicted felon, and possession of cocaine base while armed with a loaded and operable firearm. Dkt. 1 at 2, 8. Defendant also admitted gun use enhancements under California

Penal Code § 12022.53(c) as well as two prior convictions. *Id*. Pursuant to a negotiated plea he was sentenced to a total term of thirty-five years in prison. *Id*.

Petitioner argues that he is entitled to resentencing pursuant to California Senate Bill 620 which was recently signed into law. *Id.* at 3. Senate Bill 620 provides the trial court "the authority to dismiss or strike gun use enhancements in the "interests of justice" at the time of sentencing or resentencing." *Id.* Petitioner argues he is entitled to a new sentencing hearing because the trial court could choose to "impose a lighter enhancement, or remove [the] enhancement altogether." *Id.* at 3. However, as noted by the Alameda County Superior Court in denying his ex-parte motion for resentencing, while a trial court now has discretion to dismiss or strike these enhancements, Petitioner was not entitled to resentencing because the trial court "ha[d] no jurisdiction to modify [his] sentence because criminal proceedings have concluded and the judgment is final." Dkt. 1 at 8.

First, the Court notes that the petition appears to be untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). If the record indicates that the petition falls outside the one-year time period, Petitioner will ultimately bear the burden of demonstrating that the limitation period was sufficiently tolled under statutory and/or equitable principles. *See Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002).

Second, even assuming that the petition is timely, Petitioner does not make clear how he is in custody in violation of the Constitution or federal law. To the extent Petitioner argues a

violation of state law, he is not entitled to federal habeas relief.  The United States Supreme Court has repeatedly held that the federal habeas writ is unavailable for violations of state law or for alleged error in the interpretation or application of state law.  *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir. 1994).  Furthermore, matters relating to state sentencing are governed by state law and generally are not cognizable on federal habeas review.  *See, e.g.*, *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (rejecting petitioner's claim that a state court misapplied its own aggravating circumstance because "federal habeas corpus relief does not lie for errors of state law").  Petitioner's claims thus fail as a matter of law and granting leave to amend would be futile.  *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) ("[T]he district court . . . may deny leave to amend due to 'undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies . . . , undue prejudice . . . [and] futility of amendment.'") (citation omitted).  Accordingly, the petition is DISMISSED with prejudice.

## IV.   CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling.  *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  Petitioner has not shown "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, a COA is DENIED.

## V.   CONCLUSION

For the foregoing reasons, Petitioner's federal petition for writ of habeas corpus is DISMISSED with prejudice for the reasons set forth above.  A COA is DENIED.  *See id.*

The Clerk of the Court shall terminate all pending motions and close the file.

IT IS SO ORDERED.

Dated: July 14, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge

3